DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the judgment and sentence of the Erie County Court of Common Pleas which, following a guilty plea to two counts of gross sexual imposition under R.C.2907.05(A)(4), sentenced appellant, James R. Hofmann, to concurrent three year terms of imprisonment.
 {¶ 2} On May 8, 2002, an information was filed charging appellant with two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4), third degree felonies. The charges stemmed from evidence that appellant, on multiple occasions, had sexual contact with his nephew who, at the time of the offenses, was under the age of thirteen.
 {¶ 3} Appellant was arraigned on May 8, 2003, and entered a plea of guilty to the charges. The matter was then referred to the Adult Probation Department for a presentence investigation and to the Court Diagnostic and Treatment Center for a sexual offender classification evaluation.
 {¶ 4} On August 1, 2002, the sentencing hearing was held. Prior to imposing sentence, the court indicated that it had considered the Court Diagnostic and Treatment Center report, defendant's sentencing memorandum, and the presentence investigation ("PSI") report prepared by the Erie County Probation Department. Sentencing appellant to concurrent three year prison terms, the court found that: "[T]here has been a physical or mental injury to the victim due to your conduct and it was exacerbated because of the physical and mental condition and the age of the victim. There was a relationship, family relationship between you and the victim." The court further found that appellant was a sexually oriented offender under R.C. Chapter 2950.
 {¶ 5} In its August 2, 2002 judgment entry, the court stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12
and found, under R.C. 2929.14(B), "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others." Appellant timely appealed from this judgment and raises the following assignment of error:
 {¶ 6} "The trial court erred in sentencing a sixty-seven (67) year old, first time offender to more than the minimum sentence for committing a third degree felony."
 {¶ 7} Appellant contends that the record fails to support a deviation from the statutorily required minimum sentence for first time offenders. R.C. 2929.14(B) requires that:
 {¶ 8} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 9} As to this section, the Supreme Court of Ohio's recent pronouncement in State v. Comer (2003), 99 Ohio St.3d 463, 2003-Ohio-4165
provides:
 {¶ 10} "Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id. at paragraph two of the syllabus.
 {¶ 11} On consideration whereof, because the trial court did not recite the necessary R.C. 2929.14(B) findings at the sentencing hearing, appellant's sole assignment of error is well-taken. The judgment of the Erie County Court of Common Pleas is reversed, appellant's sentence is vacated, and the matter is remanded to the trial court for resentencing. Costs assessed to the state of Ohio.
 JUDGMENT REVERSED.